UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

STEVEN L. MALLORY,

             Plaintiff,

   v.

DICK'S TOWING, INC.  and
  RICHARD PETERSON,

             Defendants.

No.

COMPLAINT FOR FLSA AND
MWA VIOLATIONS

## JURISDICTION

1.     The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b) over plaintiff's Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") claims.  The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over plaintiff's state law claims which are based on the Minimum Wage Act, RCW chapter 49.46 ("MWA") and the Wages-Deductions-Contribution-Rebates Act, RCW chapter 49.52, and regulations issued thereunder.

COMPLAINT etc.  --                  -- 1 --

**PARTIES**

2.      Plaintiff Steven Mallory was employed as a tow truck operator by defendant Dick's Towing, Inc. (hereinafter "Dick's") from April 2001 until December 2004.

3.      Defendant Dick's is a Washington Corporation with its principal business location in Everett, Snohomish County, Washington.  Its principal business involves operating tow trucks.   Defendant Dick's is an employer within the meaning of RCW chapter 49.46.010 and 29 U.S.C.§ 203(d).

4.      Defendant Richard Peterson is the principal owner and operating officer of Dick's.

**FACTS**

5.      Plaintiff typically worked 45 hours per week during his employment with Dick's.

6.      Plaintiff received a salary for his hours worked.  He received weekly payments of pre-determined amounts.  On occasions when he worked beyond scheduled hours he was sometimes paid a percentage of the bills as payment for this extra work.

7.      Plaintiff was never paid an overtime premium for hours worked in excess of forty per week.

8.      At all relevant times defendant Richard Peterson acted directly and indirectly in the interest of Dick's in relation to its employees, including exercising supervision and control over the operations of defendant Dick's and the practices complained of herein. Richard Peterson is one of plaintiff's "employers" for purposes of plaintiff's federal and state law claims alleged *infra*.

COMPLAINT etc.  --                    -- 2  --

9.      Defendants failed to keep accurate records of plaintiff's hours worked.

**FIRST CLAIM – FAIR LABOR STANDARDS ACT VIOLATIONS**

10.     Plaintiff repeats and realleges the allegations previously set forth herein.

11.     Plaintiff was regularly engaged in commerce within the meaning of Sections 3 and 7 of the Fair Labor Standards Act, 29 U.S.C. §§ 203 & 207, during his employment with defendants.  Plaintiff regularly operated a tow truck on federal Interstate 5 and on the roads leading to and from the interstate.  He regularly removed vehicles from Interstate 5 and the highways leading to and from the interstate.  He regularly towed vehicles over Interstate 5 and the highways leading to and from the interstate.

12.     On information and belief, defendant Dick's is an enterprise engaged in commerce, within the meaning of Sections 3 and 7 of the Fair Labor Standards Act, 29 U.S.C. §§ 203 & 207.

13.     Defendants failed to pay plaintiff overtime pay for work in excess of forty hours per week in violation of Section 7 of the Fair Labor Standards Act, 29 U.S.C. § 207.

**SECOND CLAIM – STATE WAGE AND HOUR VIOLATIONS**

14.     Plaintiff repeats and realleges the allegations previously set forth herein.

15.     Plaintiff was defendants' employee within the meaning of RCW chapters 49.46, 49.48 and 49.52.

16.     Defendants violated RCW 49.46.130 by failing to pay overtime premium pay to plaintiff for work in excess of forty hours per week.

17.     Defendants violated RCW chapter 49.46 by failure to keep and maintain accurate records of plaintiff's hours worked.

COMPLAINT etc. --                        -- 3 --

18.     Defendants' violations of RCW chapter 49.46 were willful and made with the intent to deprive plaintiff of wages and thus gives rise to exemplary damages under RCW 49.52.050, entitling plaintiff to double exemplary damages pursuant to RCW 49.52.070.

**PRAYER FOR RELIEF**

Plaintiff prays for relief as follows:

1.     For his first claim, plaintiff seeks relief in the form of backpay damages for violations, plus liquidated damages, prejudgment interest, costs and attorney fees pursuant to 29 U.S.C. § 216;

2.     For his second claim, plaintiff seeks relief in the form of overtime premium pay, minimum wage damage, plus exemplary damages pursuant to RCW 49.52.050(2) and RCW 49.52.070, interest, costs, and attorney fees pursuant to RCW 49.46.090, RCW 49.48.030 and RCW 49.52.070.

3.     For both claims, plaintiff seeks such other and further relief as the court deem just and equitable.

DATED this 28th day of  April, 2005.

| | |
|---|---|
| /s/ David N. Mark<br>David N. Mark, WSBA #13908<br>Law Office of David N. Mark<br>810 Third Avenue, Suite 500<br>Seattle, Washington 98104<br>Telephone:  (206) 340-1840<br>Fax:  (206) 340-1846<br>E-mail:  david@marklawoffice.com | /s/ Elizabeth Flavin<br>Elizabeth Flavin, WSBA 19400<br>Law Office of Elizabeth Flavin<br>106 Pioneer Building 600  1st Ave.<br>Seattle, Washington 98104<br>O:  (206) 381-9095 F:  (206) 622-9190<br>E-mail: Elizabeth@flavinlaw.com<br>**Attorneys for Plaintiffs** |

COMPLAINT etc.  --                        -- 4 --